United States District Court
Southern District of Texas
**ENTERED**
July 21, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Jose Otilio Perez Guerrero, *et al.*, | § | |
| | § | |
| Petitioners, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-2345 |
| | § | |
| Raymond Thompson, *et al.*,[1] | § | |
| | § | |
| Respondents. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Jose Otilio Perez Guerrero is a native and citizen of Venezuela who unlawfully entered the United States in 2021. Docs. 1 at 3, 12 at 2, 12-1 at 2. On January 23, 2026, he was detained by the Department of Homeland Security pursuant to 8 U.S.C. § 1225(b)(2)(A), and he remains in the custody of Respondent, Warden of the Joe Corley Processing Center, in Conroe, Texas. Docs. 1 at 3–4, 12 at 2. On May 12, 2026, an immigration judge ordered Petitioner removed from the United States to Venezuela. Doc. 12-2. Petitioner has appealed the removal order to the Board of Immigration Appeals. Doc. 12-3. Petitioner now seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that his present detention[2] without a bond hearing violates (i) the Immigration and

---

[1] The Petition names Gabriel Martinez in his official capacity as Field Office Director for United States Immigration Customs and Enforcement's Enforcement and Removal Operations for the Houston area. *See* Doc. 1 at 3. Because Mr. Martinez ceased to hold office while this action remained pending, the Court substitutes his successor's name, Patrick Contreras. Fed. R. Civ. P. 25(d). The Clerk of Court is DIRECTED to update the docket sheet accordingly.

[2] To the extent Petitioner argues that his *re-detention* itself violates the Fifth Amendment's Due

Nationality Act; (ii) substantive due process; and (iii) procedural due process.[3]

Now before the Court is Respondent's Motion for Summary Judgment, Doc. 12, to which Petitioner has responded in opposition, Doc. 13.[4] Respondent maintains that Petitioner is not entitled to a bond hearing because he is an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention pending his removal proceedings. *See* Doc. 12; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

This Court has previously resolved the precise challenges raised by Petitioner, determining that the government may subject aliens awaiting a final removal order to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Campos Bernal v. Frink*, 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026). The Court held that for aliens such as Petitioner, pre-removal-order detention is both demanded by the Immigration and Nationality Act and a constitutionally permissible part of the removal process. *See id.* at *1, *4 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)).

---

Process Clause, Doc. 1 at 10–11, this Court has previously concluded that DHS is not bound by the immigration enforcement actions and omissions of past administrations. *See Portillo de Marquez v. Mullin*, No. 4:26-cv-2073, at 3 (S.D. Tex. July 14, 2026).

[3] The Petition does not specify whether Petitioner argues his detention without a bond hearing violates substantive or procedural due process. *See* Doc. 1 at 11. The Court assumes that Petitioner intends to raise due both due process challenges.

[4] Petitioner has also filed a notice informing the Court of the Fifth Circuit's panel decision in *Sosnava Rodriguez v. Ortega*. *See* Doc. 14. However, the Circuit has since ordered the cause reheard *en banc* and vacated that opinion pursuant to Fifth Circuit Rule 41.3. *See* On Petition for Rehearing En Banc, No. 26-50183, (5th Cir. July 10, 2026), Doc 174-1. As such, the Court is not bound by the panel opinion's holding or rationale.

As such, Respondent's Motion for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. This action is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to CLOSE this case. A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 21st of July, 2026.

Nicholas J. Ganjei
United States District Judge